THOMAS, Justice.
Lois Angel sued her husband, Porter B. Angel, for divorce and the defendant filed a counterclaim in which he sought the same relief. Each party also asked to be awarded custody of their minor child, Porter Bibb Angel, Jr. The defendant was awarded a divorce and, pursuant to a stipulation, the custody of the child was given to his maternal grandmother, Estelle Thomasson, who now appears as the child’s ‘prochein ami’.
Subsequently both parents petitioned the court to modify the final decree so far as it dealt with the child’s care, each resorting to that means to gain custody of the child. Then the mother withdrew her petition and agreed that custody be awarded to the father. Accordingly the chancellor entered a decree 10 January 1952, placing custody in the father with the privilege to the mother, and incidentally to the grandmother, of visiting the child at reasonable times.
Estelle Thomasson undertook to appeal from that decree but her appeal was dismissed by this court upon the ground, among others, that she was not a party to the proceedings and was not therefore possessed of an interest which would qualify her as an appellant here. Later she petitioned this court to issue a writ of habeas corpus to regain custody of the child and this was denied.
Next, the mother, who was now remarried, asked the court to modify the order of 10 January 1952. Whether this petition, filed 6 January 1953, was ever *296 entertained or decided we cannot ascertain from the record:
In any event, sometime in March, 1953, Porter Bibb Angel, Jr., “by his Prochein Ami, Estelle Thomasson” petitioned the chancellor for leave to file a bill in the nature of a bill of review for the purpose of setting aside the decree of 10 January 1952 on the ground that the petitioner had discovered that the stipulation on which the order was based “was born of a fraud and was the practice of unconscionable trickery upon the rights” of the petitioner.
The petition was denied evidently because the. chancellor thought that if Estelle Thomasson had no right formerly to appeal, she had no standing in the chancery court to press a bill in the nature of a bill of review. We think the ruling was correct. True the petition appeared to be that of the minor for whom his grandmother was acting as next friend but neither was a party to the stipulation executed by the parents and neither was, therefore, in a position to challenge the agreement on the ground that it was infected with deceit.
The award of the custody of the child and the adjustment and modification of the order from time to time as circumstances warranted were matters requiring exercise of discretion by the chancellor. He may have been influenced in exercising this discretion by agreements between the parents, but doubtless he kept uppermost in his mind the welfare of the child. Despite the importance of the child’s well-being, neither he nor the grandmother with whom he was temporarily placed was a party to the suit or the stipulation, and neither was in,, a position to filé a bill of review for the pur-_ posé' óf attacking the agreement the parents had máde. The right to present such a situation was peculiar to the parties who stipulated.
The appeal is considered .a certiorari and as such is denied.
TERRELL, Acting Chief Justice, DREW, J., and HERIN, Associate Justice, concur.